UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Michael Greenlaw,

        Defendant.

Crim. No. 03-107(4) (JNE/SRN)
Civ. No. 10-1001 (JNE)
ORDER

This matter is before the Court on Michael Greenlaw's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court denies Greenlaw's motion without an evidentiary hearing.

## I.     BACKGROUND

On November 16, 2004, Greenlaw was charged in eight counts of a ten-count Sixth Superseding Indictment with a variety of drug and firearm offenses. Greenlaw and his co-defendant, Laquan Dwayne Carter, were tried together in a two-week jury trial beginning on December 7, 2004. The jury found Greenlaw guilty on seven of the eight counts. On January 19, 2006, the Court sentenced Greenlaw to 442 months' imprisonment. Greenlaw appealed the Court's denial of his motion to sever the trial, the Court's denial of his request to represent himself at trial, and the 442-month sentence. Greenlaw's conviction and sentence were ultimately affirmed on appeal.[1] In a pro se motion dated March 25, 2010, Greenlaw seeks to

---

[1]     The United States Court of Appeals for the Eighth Circuit initially vacated Greenlaw's sentence and ordered that he be sentenced to 622 months' imprisonment. *United States v. Carter*, 481 F.3d 601, 607-09 (8th Cir. 2007). This Court sentenced him accordingly on remand. The Supreme Court subsequently vacated the judgment of the court of appeals with respect to Greenlaw's sentence, *see Greenlaw v. United States*, 128 S. Ct. 2559, 2570 (2008), and the court of appeals ordered that the original 442-month sentence be reinstated, *see United States v. Greenlaw*, 538 F.3d 830, 831 (8th Cir. 2008).

1

vacate, set aside, or correct his sentence, arguing that his counsel provided ineffective assistance and that the Court erred by admitting certain evidence.[2]

## II. DISCUSSION

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws. 28 U.S.C.A. § 2255 (West Supp. 2010). A prisoner is entitled to an evidentiary hearing under § 2255 "unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

**A.  Ineffective assistance of counsel**

A claim for ineffective assistance of counsel is properly raised in a § 2255 petition. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on such a claim, a petitioner "must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003) (citing *Strickland v. Washington*,

---

[2] On February 4, 2010, the Court received a motion from Greenlaw dated February 1, 2010, asking for an extension of his February 6, 2010, deadline to file a § 2255 motion because he was in transit between prisons. The government filed no opposition to the motion. Because the Court considers and denies Greenlaw's § 2255 motion on the merits and declines to issue a certificate of appealability, it does not address whether "extraordinary circumstances" justify equitably tolling the deadline. *See E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("Equitable tolling is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing."). Accordingly, Greenlaw's motion to extend the deadline is denied as moot.

466 U.S. 668, 690, 694 (1984)). A strong presumption exists "that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[T]here is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

*Jencks Act materials*

Greenlaw argues that his counsel was ineffective for failing to ensure that he had adequate access to Jencks Act materials. *See* 18 U.S.C. § 3500 (2006). The trial record shows that the government provided copies of the Jencks Act materials to Greenlaw's counsel three weeks before trial on the condition that copies of the materials not be left with Greenlaw at the institution where he was detained. There is no evidence that Greenlaw's counsel reviewed these materials with Greenlaw before trial. Nevertheless, the trial record also shows that Greenlaw had access to the Jencks Act materials throughout the trial. Moreover, after Carter complained about access to the Jencks Act materials, the government agreed to disclose whom it would call on a day-by-day basis so that the defendants could review the materials as soon as they arrived in the courtroom each day.

The Court need not address whether counsel's alleged failure to review the Jencks Act materials with Greenlaw before trial was deficient because Greenlaw has not shown that he was prejudiced. Specifically, Greenlaw has not identified information in the Jencks Act materials that would have permitted more effective cross-examination of the government's witnesses or that would have otherwise established a reasonable probability of changing the trial's outcome.

3

Therefore, Greenlaw's allegations with respect to the Jencks Act materials do not support relief under § 2255.

*Failure to raise withdrawal defense*

Greenlaw next argues that his counsel was ineffective for failing to fully raise the defense of withdrawal from the conspiracy. Specifically, Greenlaw argues that his arrest and incarceration during the last four years of the eight-year conspiracy establishes his withdrawal from the conspiracy and that his attorney should have requested a jury instruction relating to the withdrawal defense. At trial, Greenlaw's counsel briefly raised the issue of withdrawal during his opening statement but did not pursue the withdrawal defense or ask that the jury be instructed as to that defense.

The Court need not address whether counsel's failure to pursue a withdrawal defense was deficient because Greenlaw has not shown that he was prejudiced by his counsel's conduct. A defendant bears the burden to demonstrate he withdrew from a conspiracy. *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002). Incarceration does not establish withdrawal from a conspiracy. *United States v. Williams*, 605 F.3d 556, 569 (8th Cir. 2010) ("A defendant may be guilty of conspiracy even when he is incarcerated while the purpose of the conspiracy is being effected." (quotation marks omitted)). Rather, a defendant withdraws from a conspiracy by taking "affirmative action to withdraw . . . either by making a clean breast to the authorities or by communicating his withdrawal in a manner reasonably calculated to reach his coconspirators." *Zimmer*, 299 F.3d at 718. "The mere cessation of activities is not enough to establish withdrawal from a conspiracy." *Id.* (quotation marks omitted). In this case, substantial evidence presented at trial linked Greenlaw to the conspiracy and no evidence supported a finding that he took affirmative actions to withdraw. Therefore, Greenlaw cannot show a reasonable probability that

4

the jury's verdict would have been different had his counsel pursued a withdrawal defense, and counsel's failure to pursue such a defense does not support a claim for ineffective assistance.

*Failure to investigate a witness*

Greenlaw also argues that his counsel was ineffective for failing to investigate or call to testify a government agent involved in the chain of custody of two kilograms of crack cocaine that was admitted into evidence at trial. Again, Greenlaw cannot establish prejudice. "In order for evidence to be admissible, a chain of custody must exist that shows a reasonable probability that the evidence has not been changed or altered." *United States v. Wilson*, 565 F.3d 1059, 1066 (8th Cir. 2009) (quotation marks omitted). In determining whether evidence is admissible, "absent a showing of bad faith, ill will, or proof of tampering, the court operates under a presumption of integrity for the physical evidence." *Id.* (quotation marks omitted). At trial, the Court overruled a chain-of-custody objection to the admission of the two kilograms of crack cocaine based on the presumption of integrity and because there was no indication of bad faith, ill will, or tampering. Greenlaw makes no allegations that would have altered the Court's determination. Accordingly, because Greenlaw has not established a claim for ineffective assistance of counsel, his § 2255 petition is denied.

**B.     Trial error**

Finally, Greenlaw asserts that the Court erroneously admitted two kilograms of crack cocaine into evidence at trial. Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). "This procedural default may be excused only

5

if the petitioner can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Id.* (quotation marks omitted). Here, Greenlaw did not challenge the admission of the two kilograms of cocaine on appeal, and he has not shown cause to excuse this procedural default. Accordingly, Greenlaw's allegations related to errors at trial do not warrant relief pursuant to § 2255.

## C. Certificate of appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Greenlaw has not made such a demonstration. Additionally, a certificate of appealability with respect to Greenlaw's claim of trial error is not warranted because "the claim is clearly procedurally defaulted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack*, 529 U.S. at 484-85). Therefore, the Court declines to issue a certificate of appealability.

## III. CONCLUSION

In short, the Court determines that no evidentiary hearing is necessary to assess Greenlaw's § 2255 motion because the motion, files and records of the case conclusively show that he is not entitled to relief. Accordingly, based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Greenlaw's Pro Se Motion for Extension of Time [Docket No. 477] is DENIED AS MOOT.

2. Greenlaw's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 491] is DENIED.

3. Greenlaw is not entitled to a certificate of appealability.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2010

                                        s/ Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge