UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Michael Greenlaw,

       Defendant.

Case No. 03-cr-107 (JNE) (4)

ORDER

Defendant Michael Greenlaw and the government jointly move to reduce Defendant's sentence by 29 months pursuant to the First Step Act. *See* Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The Court will grant that motion and deny Defendant's other pending motions.

In 2004, a jury convicted Defendant of numerous crimes he committed during his membership in a street gang. The jury found him guilty on seven counts, six of which are relevant here: conspiracy to distribute at least 50 grams of cocaine base ("crack") and at least 5,000 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1); conspiracy to possess and brandish firearms during and in relation to a drug trafficking crime (Count 2); conspiracy to assault with a dangerous weapon (Count 5); assault with a dangerous weapon by detonating an explosive at a Minneapolis home (Count 6); assault with a dangerous weapon for a shooting (Count 8); and carrying, brandishing, and discharging a firearm in relation to a crime of violence (Count 10). Sixth Superseding Indictment, ECF No. 247; Jury Verdict, ECF No. 314; Resentencing Judgment, ECF No. 456.

1

After Defendant was resentenced in 2009,[1] Congress enacted reforms to reduce the disparity in sentences between crack- and powder-cocaine offenses. Section 2 of the Fair Sentencing Act of 2010 increased the quantity of crack-containing substances required to trigger mandatory minimum penalties under 21 U.S.C. § 841(b)(1)(A)–(B). *United States v. Spencer*, 998 F.3d 843, 846 (8th Cir. 2021). The First Step Act of 2018 allows a court that imposed a sentence for a pre-Fair Sentencing Act "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" to "impose a reduced sentence" consistent with the Fair Sentencing Act. First Step Act, Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Defendant is eligible for a sentence reduction. His sentence was based partly on a violation of 21 U.S.C. § 841(b)(1)(A). The penalties for the crack-cocaine object of that multi-drug conspiracy offense were "modified" by Section 2 of the Fair Sentencing Act, which raised the quantity of crack required to trigger the 120-month mandatory minimum sentence from 50 grams to 280 grams. *See Spencer*, 998 F.3d at 846 (8th Cir. 2021).[2]

---

[1]   The U.S. Court of Appeals for the Eighth Circuit increased Defendant's original sentence, but the U.S. Supreme Court vacated the Court of Appeals' decision. *Greenlaw v. United States*, 554 U.S. 237, 255 (2008). This Court resentenced Defendant in February 2009. ECF No. 456.
    This Court later reduced Defendant's sentence in May 2020 based on the U.S. Sentencing Commission's lowering of a Sentencing Guidelines range that previously had applied to Defendant. ECF No. 579; *see* 18 U.S.C. § 3582(c)(2). And in August 2020, the Court vacated Defendant's sentence on Count 4 (carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)). ECF No. 589.

[2]   For purposes of Defendant's eligibility for a sentence reduction, it is irrelevant that the minimum amount of crack for which the jury found Defendant responsible—1,500 grams, ECF No. 314—still triggers the same 120-month mandatory minimum sentence

2

The First Step Act therefore enables this Court to impose a reduced sentence. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). Defendant's current sentence on Counts 1–2, 5–6, and 8 is 173 months, running consecutively to a 120-month mandatory minimum sentence on Count 10. *See* 18 U.S.C. § 924(c)(1)(A)(iii). The 173-month portion of Defendant's sentence could be reduced to as little as 120 months—the statutory minimum for Count 1. *See* 21 U.S.C. § 841(b)(1)(A).

Once a district court determines that a defendant is eligible for a sentence reduction, the court must decide whether to exercise its discretion to grant such a reduction. *McDonald*, 944 F.3d at 772. The parties jointly present several arguments supporting their request to reduce Defendant's sentence by 29 months. First, Defendant has proactively worked to improve himself and prepared for a transition to life outside of prison. For example, he has earned his General Educational Development (GED) credential, held stable employment, completed a drug education program, and remained discipline-free for over two and a half years, resulting in his transfer from a high- to a medium-security facility. Second, assuming that the Court grants the requested sentence reduction, Defendant will be 46 years old upon release. He is therefore less likely to recidivate than he was when he was younger. U.S. Sentencing Comm'n, *The Effects of*

---

that applied before the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii). *See United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020) ("By conditioning eligibility on the movant's offense"—i.e., the statutory elements of the crime—"rather than on his actual conduct or the applicable sentencing range, the First Step Act casts a wide net at the eligibility stage."); *United States v. Birdine*, 962 F.3d 1032, 1033–34 (8th Cir. 2020). Nor does the fact that this violation also involved powder cocaine—the penalties for which were not modified by the Fair Sentencing Act—change Defendant's eligibility for a sentence reduction. *See Spencer*, 998 F.3d at 845–46.

3

*Aging on Recidivism Among Federal Offenders* at 22 (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.  Third, because Defendant's sentence on Count 1 was based primarily on the quantity of crack for which he was found responsible, the proposed sentence reduction would address the disparity in punishment between crack- and powder-cocaine offenses. Remediating that disparity is an objective of the Fair Sentencing Act and First Step Act. *See United States v. Birdine*, 962 F.3d 1032, 1033 (8th Cir. 2020).

The Court agrees with these arguments.  Therefore, the Court will grant the parties' joint motion to reduce Defendant's sentence (ECF No. 605).

One other matter merits attention.  In July 2021, before Defendant was represented by counsel in seeking a sentence reduction under the First Step Act, Defendant filed a separate motion.  The motion challenges this Court's application of a two-level enhancement of his offense level when recalculating the Guidelines range for Count 1 under the amended U.S. Sentencing Guidelines.[3]  ECF No. 602.  The Court included that two-level increase based on Defendant's possession of a dangerous weapon in connection with the drug conspiracy charged in Count 1.  *See* United States Sentencing Commission, Guidelines Manual § 2D1.1 (U.S.S.G.).  Defendant argues that the enhancement impermissibly double-counts his possession of a weapon because he also was convicted of violating 18 U.S.C. § 924(c).  Where a court imposes a sentence for a violation of

---

[3]  Defendant states that the two-level enhancement appeared in the order issued on August 20, 2020, which vacated his sentence on Count 4 but left all other aspects of Defendant's sentence intact.  ECF No. 589.  He apparently intends to refer to the Court's order dated May 26, 2020, in which it applied that two-level enhancement.  ECF No. 579.

4

Section 924(c) (or other specified provisions), it should "not apply any weapon enhancement in the guideline for the underlying offense . . . ." U.S.S.G. § 2K2.4; *United States v. Friend*, 303 F.3d 921, 922 (8th Cir. 2002).

Even if Defendant could bring a procedurally proper challenge to the two-level increase more than a year after it was imposed, *but see* 28 U.S.C. § 2255(f), the Court would not agree that the enhancement was inappropriate. The offenses underlying Defendant's convictions under Section 924(c) were assault with a dangerous weapon (Count 8) and conspiracy to assault with a dangerous weapon (Count 5), based on gang-related shootings in 1998 and 1999. ECF No. 247; 18 U.S.C. § 1959(a). The special verdict confirms that Count 10—the only Section 924(c) offense on which Defendant is serving a sentence, *see* ECF No. 589—was based on a "crime of violence" rather than on a drug trafficking crime. ECF No. 314; *see* 18 U.S.C. § 924(c)(1)(A) (setting penalties for using or carrying a firearm "during and in relation to any crime of violence *or* drug trafficking crime" (emphasis added)). The conspiracy to distribute drugs was not an "underlying offense" with respect to Defendant's Section 924(c) convictions,[4] so including a two-level increase was consistent with the Guidelines.

---

[4] The drug conspiracy did underlie Defendant's conviction for violating Section 924(o)—*conspiracy* to possess and brandish firearms during and in relation to a drug trafficking crime (Count 2). But Section 924(o) refers to a separate offense from Section 924(c). *United States v. Clay*, 579 F.3d 919, 933 (8th Cir. 2009). A sentence for a violation of Section 924(o) does not require a court to forego a weapons-related enhancement that the Guidelines advise for the underlying offense. U.S.S.G. § 2K2.4.

Defendant cannot prevail on a challenge to the sentencing enhancement. The Court therefore declines to exercise its discretion to appoint counsel, and denies Defendant's motion filed on July 7, 2021.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The joint motion to reduce sentence [ECF No. 605] is GRANTED.

2. Defendant is resentenced to the custody of the Bureau of Prisons for a term of imprisonment of 264 months: 144 months on Counts 1, 2, 6, and 8, all to be served concurrently; 36 months on Count 5, to be served concurrently; and 120 months on Count 10, to be served consecutively to Counts 1, 2, 5, 6, and 8. All other aspects of the Court's February 6, 2009 resentencing remain in effect.

3. Defendant's pro se motions to appoint counsel [ECF Nos. 600–01] are DENIED as moot.

4. Defendant's pro se motion filed on July 7, 2021 [ECF No. 602] is DENIED.

5. Defendant's pro se motion to expedite the filing of a motion to reduce sentence [ECF No. 604] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 28, 2022

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge